UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JAIME J. CORES :
VIVIAN MORENO :
:
v. : C.A. No. 05-076T
:
JOHN SARDELLI, in his capacity as :
Director of CODAC II :

**ORDER**

On February 22, 2005, Plaintiff, Jaime J. Cores, filed a Complaint for "Injunction Relief" (Document No. 1) and an Application to Proceed Without Prepayment of Fees (In Forma Pauperis or "IFP") (Document No. 2) pursuant to 28 U.S.C. § 1915.[1] Plaintiff's Application has been referred to me for determination and his Complaint for initial review, findings and recommendation. Plaintiff's Complaint alleges that he is a participant in the methadone program operated by CODAC Behavioral Healthcare and has been denied methadone "take-home" privileges to allow him to travel to Puerto Rico for personal reasons. Plaintiff names Mr. John Sardelli, in his capacity as the Director of CODAC II located at 349 Huntington Avenue, Providence, Rhode Island, as the Defendant. CODAC, Inc.'s main office is located at 1052 Park Avenue, Cranston, Rhode Island.

After reviewing Plaintiff's Application signed under penalty of perjury, this Court concludes that Plaintiff is financially unable to pay fees and costs in this matter and thus, Plaintiff's Application to Proceed IFP (Document No. 2) is GRANTED.

[1] Although the Complaint, Application and Civil Cover Sheet are signed solely by Mr. Cores, the case caption also includes the name of Vivian Moreno as an additional *pro se* plaintiff. The Complaint does not appear to contain any claims asserted by Ms. Moreno personally. She is noted on the Civil Cover Sheet to be a representative payee of Mr. Cores presumably for his disability payments. Since Ms. Moreno is not an attorney admitted to practice before this Court and apparently has no personal involvement in Mr. Cores' claim, this Court does not believe that Ms. Moreno has any standing, either personally or in a representative capacity, to participate in this law suit and recommends that the Court dismiss her as a party. 28 U.S.C. § 1915(e)(2).

SCANNED 3

Having granted IFP status to Plaintiff, this Court is required by statute to further review the Plaintiff's Complaint *sua sponte* under 28 U.S.C. § 1915(e)(2) and to recommend dismissal of this suit if it is "frivolous or malicious," or "fails to state a claim on which relief may be granted." Plaintiff's Complaint does not indicate the statutory basis for this Court's jurisdiction or for his cause of action against CODAC. As noted above, Plaintiff's Complaint for "Injunction Relief" simply indicates that Plaintiff has been denied methadone "take-home" privileges. On his Civil Cover Sheet, Plaintiff indicates that his claim is one for personal injury and the basis for jurisdiction is that the U.S. Government is the Defendant. Although CODAC is federally regulated and may receive some amount of federal funding or payments for services, it is not an agency or department of the U.S. Government. CODAC, Inc. is a private, Rhode Island non-profit corporation.

This Court has serious concerns as to whether there is any valid jurisdictional basis for this cause of action to proceed in federal court. Plaintiff does not identify any federal statute or regulation violated by CODAC but simply asserts on the Civil Cover Sheet that "I need to travel in an emergency and they are not complying with their procedures or policies." This Court's initial research indicates that methadone programs such as that operated by CODAC are subject to strict state and federal regulation. For instance, the U.S. Department of Health and Human Services has promulgated regulations governing such programs, and, in particular, the standards for granting "take-home" privileges in order to limit the potential for diversion of methadone to the illicit market. See 42 C.F.R. § 8.12(i). The federal regulations indicate that treatment program decisions regarding "take-home" privileges "shall be determined by the medical director" following certain enumerated considerations. Id. at § 8.12(i)(2). At least one District Court has concluded that program participants do not have a private right to enforce these federal regulations in federal court. See

Cushing v. Moore, 783 F. Supp. 727 (N.D. N.Y.), aff'd in relevant part, 970 F.2d 1103, 1106 (2nd Cir. 1992).

Although this Court has serious concerns regarding the viability of Plaintiff's federal cause of action, the First Circuit has directed the District Courts to liberally review claims asserted by a *pro se* litigant and to be "cautious" in dismissing such claims *sua sponte* under 28 U.S.C. § 1915. Johnson v. Rodriguez, 943 F.2d 104, 110 (1st Cir. 1991). Thus, having granted IFP status to Plaintiff, this Court directs the Clerk of the Court to forward the completed summons, copies of the Plaintiff's Complaint for "Injunction Relief" and copies of this ORDER to the United States Marshal for service of process upon Defendant. Within ten (10) days from the date of this ORDER, the United States Marshal is directed to effect service of the documents listed above upon Defendant pursuant to Fed. R. Civ. P. 4 and 28 U.S.C. §§ 566(c) and 1915(d), and to file a return of service with the Court. This Court further ORDERS Plaintiffs Jaime J. Cores and Vivian Moreno and a legal representative of Defendant CODAC, Inc. to appear before this Court on March 7, 2005 at 11:00 a.m. in Courtroom A, Second Floor, John O. Pastore Building, Two Exchange Terrace, Providence, Rhode Island for a hearing on Plaintiff's Complaint for "Injunction Relief" and for Plaintiffs to show cause as to why his Complaint should not be dismissed for lack of standing and/or federal jurisdiction.

LINCOLN D. ALMOND
United States Magistrate Judge
February 23, 2005