UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JAIME J. CORES<br>VIVIAN MORENO | : | |
| v. | : | C.A. No. 05-76T |
| JOHN SARDELLI, in his capacity as<br>Director of CODAC II | : | |

**REPORT AND RECOMMENDATION**
**FOR DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)**

On February 22, 2005, Plaintiff, Jaime J. Cores, filed a Complaint for "Injunction Relief" (Document No. 1) and an Application to Proceed Without Prepayment of Fees (In Forma Pauperis or "IFP") (Document No. 2).[1] Plaintiff's Complaint alleges that he is a participant in the methadone program operated by CODAC Behavioral Healthcare and has been denied methadone "take-home" privileges to allow him to travel to Puerto Rico for personal reasons. Plaintiff names Mr. John Sardelli, in his capacity as the Director of CODAC II located at 349 Huntington Avenue, Providence, Rhode Island, as the Defendant.

On February 23, 2005, this Court issued an Order granting Plaintiff's IFP application and, pursuant to 28 U.S.C. § 1915(e)(2), scheduled a hearing on Plaintiff's request for an injunction and for Plaintiff to show cause why his Complaint should not be dismissed for lack of federal subject

[1] Although the Complaint, Application and Civil Cover Sheet are signed solely by Mr. Cores, the case caption also includes the name of Vivian Moreno as an additional *pro se* plaintiff. The Complaint does not contain any claims asserted by Ms. Moreno personally and she did not join Mr. Cores' IFP Application, file her own IFP Application or pay the required filing fee. At the hearing, Ms. Moreno identified herself as Mr. Cores' common law wife, spoke on his behalf and only claimed harm indirectly as a member of Mr. Cores' family. For instance, Ms. Moreno stated that her vacation to Florida was "ruined" searching for methadone clinics for Mr. Cores. Thus, this Court does not believe that Ms. Moreno has any standing, either personally or in a representative capacity, to participate in this law suit and recommends that the Court dismiss her as a party. 28 U.S.C. § 1915(e)(2).

6

matter jurisdiction. A hearing was held on March 7, 2005. Plaintiff and Ms. Moreno appeared as well as James Carlton, CODAC's Director of Opioid Treatment responsible for overseeing its methadone program. Mr. Carlton appeared as CODAC's representative because Mr. Sardelli was unable to attend due to illness.

## Standard of Review

Section 1915 of Title 28 requires a federal court to dismiss an action brought thereunder if the court determines that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). The standard for dismissal of an action taken IFP is identical to the standard for dismissal on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6). See Fridman v. City of N.Y., 195 F. Supp. 2d 534, 538 (S.D.N.Y. 2002). In other words, the court "should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts." Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996). Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A claim "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Where the court has no subject matter jurisdiction there is 'no rational argument in law or fact' to support the claim for relief and the case must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)." Mack v. Massachusetts, 204 F. Supp. 2d 163, 166 (D. Mass. 2002) (quoting Mobley v. Ryan, 2000 WL 1898856, at *1 (N.D. Ill. Dec. 29, 2000)) (citations omitted).

## Discussion

This Court is recommending that Plaintiff's Complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2). In making this recommendation, this Court has taken all of the allegations in Plaintiff's Complaint for "Injunction Relief" as true, drawn all reasonable inferences in his favor and

considered all of the arguments made at the March 7 hearing. Estelle v. Gamble, 429 U.S. 97 (1976). In addition, this Court has liberally reviewed the Plaintiff's allegations and legal claims since they have been put forth by a *pro se* litigant. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972). However, even applying these liberal standards of review to Plaintiff's Complaint, the Complaint lacks subject matter jurisdiction and also fails to state a claim on which relief may be granted.

Plaintiff's Complaint does not indicate the statutory basis for this Court's jurisdiction or for his cause of action against CODAC. As noted above, Plaintiff's Complaint for "Injunction Relief" simply indicates that Plaintiff "need[s] to travel to Puerto Rico" and has been denied methadone "take-home" privileges by CODAC. On his Civil Cover Sheet, Plaintiff indicates that his claim is one for personal injury and the basis for jurisdiction is that the U.S. Government is the Defendant. Although CODAC is federally regulated and may receive some amount of federal funding or payments for services, it is not an agency or department of the U.S. Government. CODAC, Inc. is a private, Rhode Island non-profit corporation.

At the hearing, Ms. Moreno represented to the Court that the Puerto Rico trip "emergency" was moot because she had already made the trip on Plaintiff's behalf but noted it would have been "more convenient" if he had made the trip himself. Ms. Moreno indicated, however, that Plaintiff was still seeking "take home" privileges so that he could travel in the future. Plaintiff stated that he had completed an eight-week course required for "take home" privileges and questioned why he was still being denied privileges by CODAC after completing the course. Mr. Carlton confirmed that Plaintiff had completed the course but noted that Plaintiff failed to meet several other preconditions to obtaining the privileges such as keeping counseling appointments, producing records from his

mental health treatment provider and refraining from substance (alcohol) abuse.[2] Mr. Carlton stated that the counseling requirement is one hour per month and Plaintiff's last session attended was October 5, 2004. Plaintiff did not dispute these assertions at the hearing. Mr. Carlton stated that "take home" was a highly sought after privilege, and requests are reviewed by a panel which considers a number of factors focused on the participant's current "stability." He noted that the privilege is an "incentive that we offer folks that have been doing well for an extended period of time on the program."

There is no valid jurisdictional basis for this cause of action to proceed in federal court. Plaintiff does not identify any federal statute or regulation violated by CODAC but simply asserts on the Civil Cover Sheet that "I need to travel in an emergency and they are not complying with their procedures or policies." Plaintiff also has not identified CODAC's own procedures or policies he claims it has violated. Methadone programs such as that operated by CODAC are subject to strict state and federal regulation. For instance, the U.S. Department of Health and Human Services has promulgated regulations governing such programs, and, in particular, the standards for granting "take-home" privileges in order to limit the potential for diversion of methadone to the illicit market. See 42 C.F.R. § 8.12(i). The federal regulations provide that treatment program decisions regarding "take-home" privileges "shall be determined by the medical director" following certain enumerated considerations. Id. at § 8.12(i)(2). These considerations include absence of recent substance abuse (including alcohol), regularity of clinic attendance and social/home stability. Id. Ms. Moreno conceded at the hearing that the doctor "has a lot of discretion" in granting such privileges. Further,

---

[2] Plaintiff also complained about his inability to obtain information from CODAC and to schedule an appointment with CODAC's staff physician. Mr. Carlton offered to facilitate that process, and the parties were encouraged by the Court to meet after the hearing to improve such communications. Both sides agreed to do so.

program participants such as Plaintiff simply do not have a private right to enforce these regulations in federal court. See Cushing v. Moore, 783 F. Supp. 727, 735-39 (N.D. N.Y.), aff'd in relevant part, 970 F.2d 1103, 1106 (2nd Cir. 1992) (reasoning that there is nothing in either the enabling legislation or regulations creating a private cause of action for enforcement, and primary regulatory purpose is to protect the public from misappropriation and misuse of methadone and not the treatment provided to recovering addicts).

Because the First Circuit has directed the District Courts to liberally review claims asserted by a *pro se* litigant and to be "cautious" in dismissing such claims *sua sponte* under 28 U.S.C. § 1915, a hearing was held to give both Plaintiffs a full and fair opportunity to be heard. Johnson v. Rodriguez, 943 F.2d 104, 110 (1st Cir. 1991). Having heard their claims and Defendant's response, this Court recommends for the reasons discussed above that Plaintiffs' Complaint for "Injunction Relief" be DISMISSED in its entirety pursuant to 28 U.S.C. § 1915(e)(2). Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); D.R.I. Local R. 32. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

LINCOLN D. ALMOND
United States Magistrate Judge
March 9, 2005